The Honorable Wayne Wagner State Representative Box 1135 Manila, Arkansas 72442
Dear Representative Wagner:
This is in response to your request for an opinion regarding the maximum amount of clerk's fees for child support payments to be collected by the county clerk's office. Specifically, you have asked the following questions:
 1. If the order specifies "the amount of $1.00 per payment as clerk's fee", is there a maximum of $24.00 regardless of the number of payments made in a year?
 2. Is the employer required to withhold the clerk's fee along with the child support payment from the non-custodial parent's pay check?
Your first question must be resolved in light of A.C.A. 9-12-312
(Supp. 1987), which provides in pertinent part as follows:
 (e)(1) Except as set forth in subdivision (4) of this subsection, all orders directing payments through the registry of the court shall set forth a fee to be paid by the noncustodial parent or obligated spouse in the amount of one dollar ($1.00) for each payment or accumulation of payments received, or an annual fee to be set by the court of not more than twenty-four dollars ($24.00) per year, but not both a fee per payment or payment and an annual fee.
It is my opinion that the most reasonable construction of this provision leads to the conclusion that the language which sets a maximum of twenty-four dollars per year only modifies the annual fee alternative. It does not, in my opinion, operate so as to set twenty-four dollars as the maximum yearly charge on a per payment basis. This conclusion is in conformity with the rule of statutory construction which restrains a limiting clause to the last antecedent, unless the subject matter requires otherwise. Bell v. Board of Directors of Jefferson County Bridge District,109 Ark. 433, 160 S.W.2d 39 (1913).
In response to your second question, initial consideration must be given to A.C.A. 9-14-218 (Supp. 1987), which provides in pertinent part:
 (a) In all decrees or orders which provide for the payment of money for the support and care of any children, the court shall include a provision directing a payor to deduct from money, income, or periodic earnings due the noncustodial parent an amount which is sufficient to meet the periodic child support payments imposed by the court plus an additional amount equal to ten percent (10%) of the periodic child support payment to be applied toward liquidation of any accrued arrearage due under the order.
At first blush, it appears that the language "an amount which is sufficient to meet the periodic child support payments imposed by the court" could be construed as including the court imposed fee. It is my opinion, however, that when this language is read in conjunction with the following language from A.C.A.9-12-312(e)(3), it does not contemplate the withholding of the fee amount by the employer. Section 9-12-312(e)(3) provides:
 (3) Payments made for this fee shall be made on an annual basis in the form of a check or money order payable to the clerk of the court or such other legal tender which the clerk may accept. This fee payment shall be separate and apart from the support payment and under no circumstances shall the support payment be reduced to fulfill the payment of this fee.
It is therefore my opinion that the two provisions above, when read together, do not require the employer to withhold the fee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.